UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

    Plaintiff,

vs.    Case No. 2:08-cv-843-FtM-29DNF

DAVID L. JEFFERY as Personal Representative of the Estate of Percy l. Jeffery, Jr., MARIA JEFFERY, and JUDITH THORTON, as Personal Representative of the Estate of Kenneth Thornton,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on the following motions: (1) defendants David L. Jeffery, as Personal Representative of the Estate of Percy L. Jeffery, Jr., and Maria Jeffery's Renewed Motion for Abstention (Doc. #53); (2) defendant Judith Thornton's, as Personal Representative of the Estate of Kenneth Thornton, Renewed Motion for Abstention (Doc. #54); and (3) plaintiff Lee Memorial Health System's Motion to Certify Defendant Class. (Doc. #64.) The Court previously raised the issue of its jurisdiction, questioning whether the case had been rendered moot by actions occurring after its filing. The Court heard oral arguments on these three topics on March 19, 2010.

**I.**

Plaintiff Lee Memorial Health System ("Lee Memorial") is a political subdivision of the State of Florida, created by the

Florida Legislature to operate, control and maintain public hospitals and other healthcare facilities in Southwest Florida. Lee Memorial operates a number of health care facilities in Southwest Florida, including Lee Memorial Hospital, Cape Coral Hospital, HealthPark Medical Center, Southwest Florida Regional Medical Center, and Gulf Coast Hospital. As part of its routine operations, Lee Memorial engages in several types of self-critical analysis, including physician credentialing, peer review, risk management activities, and quality review and assurance measures.

Prior to November 2, 2004, the law in Florida was clear that health care facilities in Florida such as Lee Memorial were not required to disclose "confidential information and records" in certain situations, such as pursuant to investigations of medical malpractice. On November 2, 2004, however, the Florida electorate approved, through the ballot initiative process, an amendment to the State Constitution titled "Patients' Right to Know About Adverse Medical Incidents" (Amendment 7). Amendment 7, as codified at Article X, Section 25 of the Florida Constitution, provides:

> (a) In addition to any other similar rights provided herein or by general law, patients have a right to have access to any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident.
>
> (b) In providing such access, the identity of patients involved in the incidents shall not be disclosed, and any privacy restrictions imposed by federal law shall be maintained.
>
> (c) For purposes of this section, the following terms have the following meanings:

> (1) The phrases "health care facility" and "health care provider" have the meaning given in general law related to a patient's rights and responsibilities.
>
> (2) The term "patient" means an individual who has sought, is seeking, is undergoing, or has undergone care or treatment in a health care facility or by a health care provider.
>
> (3) The phrase "adverse medical incident" means medical negligence, intentional misconduct, and any other act, neglect, or default of a health care facility or health care provider that caused or could have caused injury to or death of a patient, including, but not limited to, those incidents that are required by state or federal law to be reported to any governmental agency or body, and incidents that are reported to or reviewed by any health care facility peer review, risk management, quality assurance, credentials, or similar committee, or any representative of any such committees.
>
> (4) The phrase "have access to any records" means, in addition to any other procedure for producing such records provided by general law, making the records available for inspection and copying upon formal or informal request by the patient or a representative of the patient, provided that current records which have been made publicly available by publication or on the Internet may be "provided" by reference to the location at which the records are publicly available.

FLA. CONST. art. X, § 25. On June 20, 2005, the Florida Legislature passed an enabling act, codified at Florida Statutes § 381.028, to implement Amendment 7. On March 6, 2008, the Florida Supreme Court upheld Amendment 7 against various challenges, holding among other things that Amendment 7 is self-executing, could be applied retroactively to records existing prior to its effective date of November 2, 2004, and that such retroactive application did not violate the due process rights of hospitals. Fla. Hosp. Waterman, Inc. v. Buster, 984 So. 2d 478 (Fla. 2008). A number of Florida

courts have previously addressed, and continue to address, various issues involving Amendment 7.

Lee Memorial routinely receives requests for documents falling within the ambit of Amendment 7, i.e., "records made or received in the course of business by a health care facility or provider relating to any adverse medical incident."  These include litigation discovery requests as well as requests in administrative proceedings, pre-suit proceedings, and outside of litigation.  Lee Memorial declines to produce responsive documents voluntarily based upon its legal belief as to the invalidity of Amendment 7.

The Second Amended Complaint (Doc. #46), the operative pleading in this case, contains five counts:  A request for a declaratory judgment that Amendment 7 is preempted by the Health Insurance Portability and Accountability Act (HIPAA) (Count I) and is preempted by the Health Care Quality Improvement Act (HCQIA) (Count II); a request for a declaratory judgment that the retroactive application of Amendment 7 violates the Contract Clause of the United States Constitution (Count III); a request for declaratory judgment that the federal and state "work product privilege" prevent disclosure of information sought pursuant to Amendment 7 (Count IV); and a request for preliminary and permanent injunctions that plaintiff need not comply with the Amendment 7

requests for information by defendants Jeffery, Thornton, and Brea[1] (Count V). (Doc. #46, pp. 20-21.)

**II.**

Federal courts are courts of limited jurisdiction, <u>Keene Corp. v. United States</u>, 508 U.S. 200, 207 (1993), and a federal court is obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking. <u>Cadet v. Bulger</u>, 377 F.3d 1173, 1179 (11th Cir. 2004); <u>May v. Capote</u>, 149 Fed. Appx. 913, 915-16 (11th Cir. 2005). Under Article III of the United States Constitution, the subject matter jurisdiction of federal courts extends only to "cases or controversies." <u>Bowen v. First Family Fin. Servs.</u>, 233 F.3d 1331, 1339 (11th Cir. 2000). "An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." <u>Alvarez v. Smith</u>, 130 S. Ct. 576, 580 (2009)(internal citations and quotations omitted). "If a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it. [ ] Mootness can occur due to a change in circumstances, or . . . a change in the law." <u>Seay Outdoor Adver., Inc. v. City of Mary Esther, Florida</u>, 397 F.3d 943, 946 (11th Cir. 2005)(internal

---

[1] Defendants Kimberly Brea and Alex Brea, individually and as parents and natural guardian of Michelle Brea, were named parties in the superceded Amended Complaint. (Doc. #3.) The Brea defendants are not, however, named parties in the operative Second Amended Complaint (Doc. #46), despite a singular reference to them on page 21 of the Second Amended Complaint and their inclusion in the case caption.

citations omitted); Troiano v. Supervisor of Elections in Palm Beach County, Florida, 382 F.3d 1276, 1281 (11th Cir. 2004). A case is moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a court decision could no longer provide meaningful relief to a party. Troiano 382 F.3d. at 1281-82. Whether a case is moot is a question of law, Troiano, 382 F.3d at 1282, and the party urging dismissal bears the heavy burden of establishing mootness. Beta Upsilon Chi Upsilon Chapter v. Machen, 586 F.3d 908, 916 (11th Cir. 2009).

The Court initially raised the issue of whether this case was moot as to the two named defendants. (Doc. #96.) After an initial discussion with counsel at a pretrial conference (Doc. #101), the Court scheduled oral arguments on the issue. During oral arguments, the parties agreed that the case is not moot as to defendant Judith Thornton, but disagreed as to whether the case is moot as to the Jeffery defendants. Defendants have recently filed a Motion to Dismiss (Doc. #107) arguing that the case is moot as to both defendants. For the reasons stated below, the Court finds that the case is not moot as to defendant Thorton, but is moot as to the Jeffery defendants.

**A. Jeffery Defendants**

The Second Amended Complaint alleged that the Jeffrey defendants (Jeffreys) were plaintiffs in the state court matter of Jeffery, et al. v. Assocs. in Gen. & Vascular Surgery, et. al.,

Case No. 06-CA-000907,[2] in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida. The state court case consisted of a medical malpractice suit brought by the Jefferys against various entities and physicians relating to medical care provided to Percy L. Jeffery, Jr., at Cape Coral Hospital. (See Doc. #3-10.) Lee Memorial was not named as a party to that suit.

On May 11, 2008, the Jefferys, through their counsel, served a *subpoena duces tecum* on Lee Memorial requesting various documents (see Doc. #3-11), including documents within the scope of Amendment 7. (Doc. #46, ¶¶ 45-52; Doc. #55, p. 3.) The validity of this subpoena remained contested in the state court proceeding. On November 23, 2009, there was a voluntary dismissal of the state court case due to settlement. Counsel for the state-court plaintiffs has confirmed to counsel for Lee Memorial that there are no longer any pending discovery requests of any kind directed at Lee Memorial or any other entity in this case. (Doc. #106-1.)

The Court finds the issue regarding access to Amendment 7 documents in the Jefferys case is no longer live and that the Jefferys currently lack a legally cognizable interest in its outcome. The Jeffery case has been settled without disclosure of the purported Amendment 7 documents, the state case is closed, there is no longer a request for disclosure pending, and there is

---

[2]It appears that the Second Amended Complaint incorrectly lists the Case Number as: 05-CA-000907. (See Doc. #3-10.)

no indication that such a request may be made in the future as to the patient at issue in that case. While the parties may dispute the lawfulness of Amendment 7,

> that dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights. Rather, it is an abstract dispute about the law, unlikely to affect these plaintiffs any more than it affects other [ ] citizens. And a dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words "Cases" and "Controversies."

Alvarez, 130 S. Ct. at 580-81 (internal citations omitted).

The Jeffery matter is not such an exceptional situation that the "capable of repetition while evading review" exception is applicable. Nothing suggests that the Jeffery defendants will again seek Amendment 7 documents in connection with this patient (who is deceased), and the lawfulness of the amendment does not evade review in light of the others who have made such requests. Id. at 581.

Additionally, the voluntary cessation doctrine does not apply in this case. While the mere voluntary cessation of allegedly illegal conduct does not moot a case, the "basis for this doctrine is a concern that a defendant who voluntarily ceases an activity is 'free to return to his old ways.'" Beta Upsilon Chi Upsilon Chapter, 586 F.3d at 916 (citation omitted). That concern is not applicable in this case, since the patient is deceased and his representative has settled the claim.

Accordingly, the federal case as to the Jeffery defendants is moot, and those defendants are dismissed from this case.

**B. Thornton Defendant**

The Second Amended Complaint alleged that on June 26, 2008, defendant Thornton sent a pre-suit Notice of Intent to Initiate Litigation for Medical Malpractice to Lee Memorial, seeking documents covered under Amendment 7. (See Doc. #46, ¶¶ 53-56; Doc. #3-12.) Lee Memorial alleged that it objected to the request to the extent that it sought documents covered under Amendment 7, and that the Thornton request of Lee Memorial was still pending as of the filing of the Second Amended Complaint. No Amendment 7 documents were produced by Lee Memorial pursuant to the pre-suit request, but a medical malpractice case was filed on October 16, 2008 in state court against Lee Memorial and others. That case is still pending in state court, and the docket sheet reflects continuing discovery efforts. (Doc. #100-1, Exh. E.) On March 24, 2010, counsel for Judith Thornton wrote to Lee Memorial's counsel and officially withdrew her Notice of Intent to the extent it in any way implicated Amendment 7. (Doc. #107-2.) Ms. Thornton's counsel did not withdraw any discovery request made during the litigation which implicates Amendment 7 documents.

The Court finds the case is not moot as to defendant Thornton. Unlike the situation with Jeffery, the underlying medical malpractice case is continuing, there are on-going discovery requests in that proceeding, there has been no attempt to disclaim

-9-

any interest in Amendment 7 documents in that case, and there is every realistic probability that Amendment 7 documents exist and will or have been requested in the on-going litigation.

**III.**

This Court has subject matter jurisdiction over the claims against Thornton in the Second Amended Complaint pursuant to 28 U.S.C. § 1331, which provides jurisdiction over claims arising under federal law. Having found that the case is not moot as to Thornton, and therefore remains justiciable, the Court next turns to defendant's argument that the Court should abstain from exercising its jurisdiction under Younger v. Harris, 401 U.S. 37 (1971) and its progeny, specifically Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982).

The well established general rule is that a federal court has a "virtually unflagging" duty to adjudicate claims within its jurisdiction. New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 359 (1989)(NOPSI). The Younger doctrine is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813 (1976) (quoting County of Allegheny v. Frank Mashuda Co., 360 U.S. 185, 188-89 (1959)).

In Younger v. Harris, a federal plaintiff challenged the constitutionality of a state statute under which he was being prosecuted in state court as a defendant. The Supreme Court

concluded that the state criminal proceeding offered a sufficient forum for the plaintiff to raise his constitutional defense, and abstained from hearing plaintiff's claim. Younger held that based on concepts of federalism, a federal district court must refrain from enjoining pending criminal state court proceedings except under certain special circumstances.

The Supreme Court has expanded Younger abstention to strictly civil proceedings which implicate state courts' "important interests in administering certain aspects of their judicial systems." Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 12-13 (1987) (requirement for the posting of bond pending appeal); Juidice v. Vail, 430 U.S. 327, 334 (1977) (state contempt process). Nonetheless, the Supreme Court has made clear that the abstention doctrine is not triggered in a civil context unless the federal injunction requested would create an "undue interference with state proceedings." NOPSI, 491 U.S. at 359. In addition, the Supreme Court has instructed that Younger only applies where the state proceeding at issue involves "orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions . . . it has never been suggested that Younger requires abstention in deference to a state judicial proceeding reviewing legislative or executive action." NOPSI, 491 U.S. at 368; Wexler v. Lepore, 385 F.3d 1336, 1338-39 (11th Cir. 2004) (holding that a pending state civil action does not require the federal court to abstain "unless the requested federal relief would result in

meticulous and burdensome federal oversight of state court or court-like functions").[3]

Thus, a federal court may abstain from granting injunctive relief under Younger where: (1) the state proceeding is ongoing; (2) the proceeding implicates an important state interest; and (3) there is an adequate opportunity to raise a constitutional challenge in the state court proceedings. Green v. Jefferson County Comm'n, 563 F.3d 1243, 1250 (11th Cir. 2009); Middlesex County Ethics Comm'n, 457 U.S. at 432-35. The Supreme Court created exceptions to Younger abstention, however, allowing a federal court to issue an injunction when (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. Younger, 401 U.S. at 46-49.

The Court concludes that it should not abstain in this case. The pre-suit request does not justify abstention because there was no pending case from which to abstain at the time. While there is now a pending medical malpractice case, defendant has not

---

[3]While Younger involved an injunction, it has been extended to declaratory relief which would effectively enjoin a pending state criminal case. Samuels v. Mackell, 401 U.S. 66, 73 (1971); Rowe v. Griffin, 676 F.2d 524, 525-26 (11th Cir. 1982)(citing Younger, 401 U.S. 37 and Samuels, 401 U.S. 66). The Eleventh Circuit has also applied Younger to a request for declaratory judgment which would have the effect of enjoining a state court from enforcing its judgment. Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc., 124 F.3d 1258 (11th Cir. 1997).

identified any specific order which a decision in this federal case would interfere with, much less establish an undue interference with the state proceedings. Therefore, defendant's request to abstain from deciding the issues presented is denied.

## IV.

The final issue is plaintiff's motion to certify a defendant class. Lee Memorial seeks certification of the following class of defendants: "All individuals who have made or may in the future make a request for documents pursuant to or covered by Amendment 7 to Lee Memorial Health System, including any facility or provider under its control." (Doc. #64, p. 5.) Lee Memorial argues that it has satisfied all prerequisites of Rule 23(a) as well as the requirements of Rule 23(b)(2).

Lee Memorial has provided scant authority with regard to certifying a class of defendants, in contrast with the usual posture where a class of plaintiffs seek certification. The Court agrees with Lee Memorial, however, that such a defendant class is authorized by Federal Rule of Civil Procedure 23. In setting forth the prerequisites for a class action, Rule 23(a) states in pertinent part that "[o]ne or more members of a class may sue <u>or be sued</u> as representative parties on behalf of all members only if: . . ." FED. R. CIV. P. 23(a)(emphasis added). Similarly, Rule 23(b) provides that "[a] class action may be maintained if Rule 23(a) is satisfied and if: (1) prosecuting separate actions by <u>or against</u> individual class members would create a risk of: . . ." FED. R.

CIV. P. 23(b)(emphasis added). Defendant classes have been recognized, without review, by the Supreme Court. Zablocki v. Redhail, 434 U.S. 374, 380 n.6 (1978). Defendants do not argue that defendant class actions can not be authorized, but rather argue that they are rarely authorized and require additional scrutiny. The Court agrees with this proposition as well.

The rules for certification of a class are well settled in the Eleventh Circuit, albeit in the context of a class of plaintiffs. "To obtain class certification under Rule 23, the Plaintiffs must meet each of the requirements specified in Rule 23(a), as well as at least one of the three subsections of Rule 23(b). [ ] Rule 23(a) requires plaintiffs to demonstrate that the proposed class satisfies the prerequisites of numerosity, commonality, typicality, and adequacy of representation." Babineau v. Fed. Express Corp., 576 F.3d 1183, 1189-90 (11th Cir. 2009)(internal citations and quotations omitted). Rule 23(b) provides three alternatives, one of which must be satisfied by the moving party.

"Among the prerequisites to the maintenance of a class action is the requirement of Rule 23(a)(4) that the class representatives 'will fairly and adequately protect the interests of the class.' " Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan, 221 F.3d 1235, 1253 (11th Cir. 2000). This requirement applies to both the named plaintiff and counsel, Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 626 n.20 (1997), and is intended in part to protect the legal rights of absent class members. "Because all members of

the class are bound by the res judicata effect of the judgment, a principal factor in determining the appropriateness of class certification is the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class." Lyons, 221 F.3d at 1253 (internal quotations omitted). A court is required to "undertake a stringent and continuing examination of the adequacy of representation by the named class representative[ ] at all stages of the litigation where absent members will be bound by the court's judgment." Shroder v. Suburban Coastal Corp., 729 F.2d 1371, 1374 (11th Cir. 1984). The party seeking certification bears the burden of establishing all elements of Rule 23(a). London v. Wal-Mart Stores, Inc., 340 F.3d 1246, 1253 (11th Cir. 2003).

Contrary to the usual situation, the class representative in a defendant class does not voluntarily seek such designation, but is effectively selected by the opposing party. There is no showing that Thornton's counsel is appropriate for a class action, other that the law firm represents itself as an appellate firm in its letter head. While the firm knows the area, having been counsel of record in Buster before the Florida Supreme Court, this does not necessarily qualify it to be class counsel. Thornton herself has made clear she does not wish to be class representative, and plaintiff has shown nothing which convinces the court of her qualifications in any event.

Additionally, the Court is not persuaded by plaintiff's argument that the Attorney General for the State of Florida is providing adequate representation to the class of defendants. The Attorney General entered a Notice of Appearance pursuant to Florida Statute § 86.091 on November 25, 2008. (Doc. #9.) This statute does not make the Attorney General a party, <u>Martin Mem'l Med. Ctr., Inc. v. Tenet Healthsystem Hosps., Inc.</u>, 875 So. 2d 797, 799-801 (Fla. 1st DCA 2004), or provide that the Attorney General will represent the named parties. Rather, it merely provides that the Attorney General is "entitled to be heard" where a declaratory judgment action seeks to declare a statute, charter, ordinance or franchise unconstitutional. In this case the Attorney General has adopted motions filed by defendants' counsel (Docs. #27, 93), signed a Case Management Report (Doc. #28), and done virtually nothing else of record. No one from the attorney general's office has appeared for the last two hearings, and that office has been described as simply monitoring the actions of defendant's counsel. Accordingly, plaintiff's motion to certify a class of defendants is denied.

## V.

The magistrate judge has previously entered an Order (Doc. #45) giving plaintiff fourteen (14) days from the resolution of the class certification issue to add parties. That time period starts with the filing of this Opinion and Order.

Accordingly, it is now

**ORDERED:**

1.  Defendants David L. Jeffery, as Personal Representative of the Estate of Percy L. Jeffery, Jr., and Maria Jeffery's Renewed Motion for Abstention (Doc. #53) is **DENIED**.

2.  Defendant Judith Thornton's, as Personal Representative of the Estate of Kenneth Thornton, Renewed Motion for Abstention (Doc. #54) is **DENIED**.

3.  Plaintiff Lee Memorial Health System's Motion to Certify Defendant Class (Doc. #64) is **DENIED**.

4.  The Second Amended Complaint is **DISMISSED** as to defendants David L. Jeffery, as personal representative of the estate of Percy I. Jeffery, Jr., and Maria Jeffery since the case is moot as to these defendants.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of March, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record