```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

LEE MEMORIAL HEALTH SYSTEM,

                Plaintiff,

vs.                             Case No. 2:08-cv-843-FtM-29DNF

DAVID L. JEFFERY as Personal
Representative of the Estate of
Percy l. Jeffery, Jr., MARIA
JEFFERY, and JUDITH THORTON, as
Personal Representative of the
Estate of Kenneth Thornton,

                Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court on defendant Judith Thornton's, as Personal Representative of the Estate of Kenneth Thornton, Suggestion of Mootness/Motion to Dismiss for Lack of Jurisdiction (Doc. #111). Plaintiff filed a Response (Doc. #112) and documents from the underlying state court case (Docs. #113, 117) on May 17, 2010. The Court heard oral arguments on June 16, 2010.

**I.**

Plaintiff Lee Memorial Health System ("Lee Memorial") is a political subdivision of the State of Florida, created by the Florida Legislature to operate, control and maintain public hospitals and other healthcare facilities in Southwest Florida. As part of its routine operations, Lee Memorial engages in several types of self-critical analysis, including physician credentialing,

peer review, risk management activities, and quality review and assurance measures. Prior to November 2, 2004, the law in Florida was clear that health care facilities in Florida such as Lee Memorial were not required to disclose "confidential information and records" in certain situations, such as pursuant to investigations of medical malpractice. On November 2, 2004, however, the Florida electorate approved, through the ballot initiative process, an amendment to the State Constitution titled "Patients' Right to Know About Adverse Medical Incidents" (Amendment 7). Amendment 7, as codified at Article X, Section 25 of the Florida Constitution, provides:

> (a) In addition to any other similar rights provided herein or by general law, patients have a right to have access to any records made or received in the course of business by a health care facility or provider relating to any adverse medical incident.
>
> (b) In providing such access, the identity of patients involved in the incidents shall not be disclosed, and any privacy restrictions imposed by federal law shall be maintained.
>
> (c) For purposes of this section, the following terms have the following meanings:
>
> (1) The phrases "health care facility" and "health care provider" have the meaning given in general law related to a patient's rights and responsibilities.
>
> (2) The term "patient" means an individual who has sought, is seeking, is undergoing, or has undergone care or treatment in a health care facility or by a health care provider.
>
> (3) The phrase "adverse medical incident" means medical negligence, intentional misconduct, and any other act, neglect, or default of a health care facility or health care provider that caused or could have caused injury to

-2-

>    or death of a patient, including, but not limited to, those incidents that are required by state or federal law to be reported to any governmental agency or body, and incidents that are reported to or reviewed by any health care facility peer review, risk management, quality assurance, credentials, or similar committee, or any representative of any such committees.
>
>    (4) The phrase "have access to any records" means, in addition to any other procedure for producing such records provided by general law, making the records available for inspection and copying upon formal or informal request by the patient or a representative of the patient, provided that current records which have been made publicly available by publication or on the Internet may be "provided" by reference to the location at which the records are publicly available.

Fla. Const. art. X, § 25. On June 20, 2005, the Florida Legislature passed an enabling act, codified at Florida Statutes § 381.028, to implement Amendment 7. On March 6, 2008, the Florida Supreme Court upheld Amendment 7 against various challenges, holding among other things that Amendment 7 is self-executing, could be applied retroactively to records existing prior to its effective date of November 2, 2004, and that such retroactive application did not violate the due process rights of hospitals. Fla. Hosp. Waterman, Inc. v. Buster, 984 So. 2d 478 (Fla. 2008).

Lee Memorial routinely receives requests for documents falling within the ambit of Amendment 7, i.e., "records made or received in the course of business by a health care facility or provider relating to any adverse medical incident." These include litigation discovery requests as well as requests in administrative proceedings, pre-suit proceedings, and outside of litigation. Lee

Memorial declines to produce responsive documents voluntarily based upon its legal belief as to the invalidity of Amendment 7.

**II.**

The Second Amended Complaint (Doc. #46), the operative pleading in this case, contains five counts: A request for a declaratory judgment that Amendment 7 to the Florida Constitution is preempted by the Health Insurance Portability and Accountability Act (HIPAA) (Count I) and is preempted by the Health Care Quality Improvement Act (HCQIA) (Count II); a request for a declaratory judgment that the retroactive application of Amendment 7 violates the Contract Clause of the United States Constitution (Count III); a request for declaratory judgment that the federal and state "work product privilege" prevent disclosure of information sought pursuant to Amendment 7 (Count IV); and a request for preliminary and permanent injunctions that plaintiff need not comply with the Amendment 7 requests for information by defendants Jeffery and Thornton (Count V).

In an Opinion and Order (Doc. #108) filed March 30, 2010, the Court found that, as to the Jeffery defendants, the case was moot, the case was not capable of repetition while evading review, and the voluntary cessation doctrine did not apply. The Court found, however, that the case was not moot as to defendant Thornton. The Second Amended Complaint alleged that defendant Thornton sent a pre-suit Notice of Intent to Initiate Litigation for Medical Malpractice to Lee Memorial ("Pre-Suit Request"), seeking documents

covered under Amendment 7. Lee Memorial objected to the request to the extent that it sought documents covered under Amendment 7, and the Thornton request was still pending as of the filing of the Second Amended Complaint. No Amendment 7 documents were produced by Lee Memorial pursuant to the Pre-Suit Request, but a medical malpractice case was thereafter filed in state court against Lee Memorial and others. On March 24, 2010, counsel for Judith Thornton wrote to Lee Memorial's counsel and officially withdrew her Pre-Suit Request to the extent it in any way implicated Amendment 7. With respect to the pending litigation, however, Ms. Thornton's counsel did not withdraw any discovery requests which implicated Amendment 7.

The Court's March 30, 2010 Opinion and Order found that unlike the situation with the Jeffery defendants, the underlying Thornton medical malpractice case was continuing, there were on-going discovery requests in that proceeding, there had been no attempt to disclaim any interest in Amendment 7 documents in that case, and there was every realistic probability that Amendment 7 documents exist and would or had been requested in the on-going litigation.

Defendant Thornton's current motion to dismiss asserts that changed circumstances have resulted in the federal case now being moot. Defendant asserts that her attorney in the underlying state case has now "disclaimed any interest in any Amendment 7 documents in that case." (Doc. #111, p. 3.) The attached Affidavit from that attorney states that she officially withdrew the pre-suit

request for Amendment 7 documents; the medical malpractice case is pending trial and discovery is almost complete; there are no discovery requests seeking production of Amendment 7 documents; that counsel has advised Thornton that she does not need Amendment 7 documents to successfully pursue her claim; that Thornton "will not, at any time, make or attempt to make a request for Amendment 7 documents from Lee Memorial Health System," "is waiving her future rights to obtain any Amendment 7 documents against Lee Memorial Health System," and "is disclaiming any interest in Amendment 7 documents from Lee Memorial Health System in the past, present, and future" in the pending medical malpractice case (Doc. #111-1, ¶¶ 5-8.)

At oral argument, counsel for Lee Memorial agreed that the circumstances of the case have now rendered Count V, the claim for injunctive relief, moot. Lee Memorial argued, however, that the declaratory judgment claims are not moot. Lee Memorial asserts that the case cannot be mooted after Lee Memorial refused the initial request for Amendment 7 documents because from that point onward Lee Memorial was entitled to a declaration as to whether its refusal to provide the documents was lawful. The only possible way to moot the case, Lee Memorial argues, is if Thornton was to change her legal position and agree with Lee Memorial's legal position that the Amendment 7 documents were not subject to production. Because this has not happened, Lee Memorial argues that the case as to Thornton (as well as to the Jeffery defendants) cannot be moot.

**III.**

"If a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it. [ ] Mootness can occur due to a change in circumstances, or . . . a change in the law." Seay Outdoor Adver., Inc. v. City of Mary Esther, Fla., 397 F.3d 943, 946 (11th Cir. 2005)(internal citations omitted); Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d 1276, 1281 (11th Cir. 2004). When the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, the case is moot and must be dismissed. Troiano, 382 F.3d. at 1282. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion. Id.

The federal Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The Supreme Court upheld its constitutionality in Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937), explaining that the phrase "cases of actual controversy" in the Act refers to the type of "Cases" and "Controversies" that are justiciable under Article III. Id. at 240. More recently, the Supreme Court stated:

> Aetna and the cases following it do not draw the brightest of lines between those declaratory-judgment actions that satisfy the case-or-controversy requirement

and those that do not. Our decisions have required that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id., at 240-241, 57 S. Ct. 461, 81 L. Ed. 617. In Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941), we summarized as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).

**IV.**

The Court rejects Lee Memorial's argument that the case cannot be moot because there continues to be a difference of opinion as to the law. A case seeking declaratory judgment may be moot even where the parties continue to disagree on the law. In Alvarez, the Supreme Court stated that the:

> dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights. Rather, it is an abstract dispute about the law, unlikely to affect these plaintiffs any more than it affects other [ ] citizens. And a dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words "Cases" and "Controversies."

Alvarez v. Smith, 130 S. Ct. 576, 580-81 (2009) (internal citations omitted). Thus, the Court rejects the argument that Lee Memorial has a right or an entitlement to declaratory relief because of the initial position taken by the opposing party.

-8-

The issue remains whether the cessation of the conduct Lee Memorial views as wrongful (requesting Amendment 7 documents) is sufficient to moot the case. The mere voluntary cessation of a challenged practice does not render a case moot. Los Angeles v. Davis, 440 U.S. 625, 631 (1979); Beta Upsilon Chi Upsilon Chapter v. Machen, 586 F.3d 908, 916 (11th Cir. 2009). Otherwise, a party could moot a challenge to a practice simply by changing the practice during the course of a lawsuit, and then reinstate the practice as soon as the litigation was brought to a close. Thus, voluntary cessation of a challenged practice renders a case moot only if there is no "reasonable expectation" that the challenged practice will resume after the lawsuit is dismissed. Jews for Jesus, Inc. v. Hillsborough County Aviation Auth., 162 F.3d 627, 629 (11th Cir. 1998)(internal citations omitted).

Here, defendant has disclaimed any past, present, and future interest in Amendment 7 documents from Lee Memorial, with respect to the pending medical malpractice case. (Doc. #111-1, ¶¶ 5-8.) Consequently, there is no live controversy between the parties as to the Amendment 7 documents. Based on the evidence and the sworn statements of defendant's counsel, there is no reasonable expectation that Mrs. Thorton will renew her request for these documents. There is no longer a substantial controversy between parties having adverse legal interests of any immediacy and reality, as required by MedImmune.

Accordingly, it is now

**ORDERED:**

1. Judith Thornton's, as Personal Representative of the Estate of Kenneth Thornton, Suggestion of Mootness/Motion to Dismiss for Lack of Jurisdiction (Doc. #111) is **GRANTED** and the Second Amended Complaint is dismissed without prejudice.

2. The Clerk of the Court is directed to terminate these defendants, any pending motions and deadlines, and to close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __6th__ day of July, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record